# United States District Court

SOUTHERN DISTRICT OF NEW YORK

LAWRENCE PETER BERRA, also known as YOGI BERRA,

            Plaintiff,

AMENDED

## SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: 05 CV 2233

TURNER BROADCASTING SYSTEM, INC.,
CONDE NAST PUBLICATIONS, INC.,
HEARST BUSINESS PUBLISHING, INC.,
WEIDER PUBLICATIONS, INC.,
ESSENCE COMMUNICATIONS PARTNERS, and
LATINA MEDIA VENTURES, LLC,
            Defendants.

TO: (Name and address of defendant)

Turner Broadcasting Systems Inc., One Time Warner Center, New York, NY 10019
Conde Nast Publications, Inc., 4 Time Square, New York, NY 10036
Hearst Business Publishing, Inc., 958 8th Avenue, New York, NY 10019
Weider Publications, Inc., One Park Avenue, New York, NY 10016
Essence Communications Partners, 1500 Broadway, 6th Floor, New York, NY 10036
Latina Media Ventures, LLC, 1500 Broadway, 7th Floor, New York, NY 10036

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Davidoff Malito & Hutcher LLP
605 Third Avenue, 34th Floor
New York, NY 10158
(212) 557-7200

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

CLERK

*Jessica Doss* (signature)

(BY) DEPUTY CLERK

MAR - 9 2005

DATE

Lewis M. Smoley (LS4613)
Davidoff Malito & Hutcher, LLP
605 Third Avenue, 34th Floor
New York, New York 10158
(212) 557-7200

**Attorneys for Plaintiff**



UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

LAWRENCE PETER BERRA, also known
as YOGI BERRA,

                 Plaintiff,

   -against-                             **AMENDED COMPLAINT**

TURNER BROADCASTING SYSTEM, INC.,
CONDE NAST PUBLICATIONS, INC.,
HEARST BUSINESS PUBLISHING, INC.,         05 CV 2233 (RJH)
WEIDER PUBLICATIONS, INC., ESSENCE
COMMUNICATIONS PARTNERS, and
LATINA MEDIA VENTURES, LLC,

                 Defendants.
----------------------------------------------------------------X

      Plaintiff, LAWRENCE PETER BERRA, also known as YOGI BERRA (referred to herein as "Mr. BERRA" or "plaintiff"), by his attorneys DAVIDOFF, MALITO & HUTCHER. LLP, complaining of the Defendants TURNER BROADCASTING SYSTEM, INC. ,("TBS") CONDE NAST PUBLICATIONS ("CONDE NAST"), HEARST BUSINESS PUBLISHING, INC. ("HEARST"), WEIDER PUBLICATIONS, INC. ("WEIDER"), ESSENCE COMMUNICATIONS PARTNERS ("ESSENCE"), and LATINA MEDIA VENTURES, LLC

00324161

("LATINA"), sometimes collectively referred to herein as the "defendants", respectfully alleges the following:

## JURISDICTION AND VENUE

1. Plaintiff Lawrence Peter Berra, also known as Yogi Berra, is a resident of the state of New Jersey.

2. Upon information and belief, Defendant TBS is a Georgia corporation that does business in the City and State of New York.

3. Upon Information and belief, Defendant CONDE NAST is a New York corporation having a place of business located in the City and State of New York.

4. Upon Information and belief, Defendant HEARST is a Delaware corporation doing business in the City and State of New York.

5. Upon information and belief, Defendant WEIDER is a Delaware corporation doing business in the City and State of New York.

6. Upon information and belief, Defendant ESSENCE is a Delaware partnership doing business in the City and State of New York.

7. Upon information and belief, Defendant LATINA is a New York limited liability company authorized to do business in and doing business in the City and State of New York.

8. Venue in this action is based upon the conduct of business of all the defendants in the State and County of New York by reason, *inter alia*, of their having caused to be published, distributed, disseminated and or displayed therein a certain written commercial advertisement that refers by name to the plaintiff and is the subject of this action.

## THE PARTIES

9. Mr. Berra is a well-known baseball star who, though retired from active status as a baseball player, coach and manager for many years, is a very popular and highly respected personality who has made numerous appearance on television and radio, and has been the subject of countless books, articles and other publications widely circulated and distributed throughout the United States and overseas.

10. Defendant TBS is a major producer of entertainment products that are broadcast over commercial television networks, stations and substations located in, and whose programs are broadcast in, various cities and states throughout the United States, including in the City and State of New York, and outside the United States. In connection with the broadcast of these entertainment programs, said defendant causes to be created, published, disseminated and displayed advertisements in printed form that advise the general public in the various locations of such programs for the apparent purpose of publicizing such programs and thereby increasing the number of persons who will watch, listen to or otherwise avail themselves of these programs.

11. Defendant CONDE NAST is a major publishing company that is the publisher of certain magazines entitled "Glamour," "Vanity Fair," and "Lucky" (hereafter

collectively to as the "Conde Nast Magazines"), whose magazines are distributed in various cities and states throughout the United States, including in the City and State of New York, and outside the United States.

12. Defendant HEARST is a major publishing company who is the publisher of certain magazines entitled "O" and "Cosmopolitan" (hereafter collectively referred to as the "Hearst Magazines"), which magazines are distributed in various cities and states throughout the United States, including the City and State of New York, and outside the United States.

13. Defendant WEIDER is a major publishing company that is the publisher of a certain magazine entitled "Shape," (the "Weider Magazine"), which magazine is distributed in various cities and states throughout the United States, including the City and State of New York, and outside the United States.

14. Defendant ESSENCE is a major publishing company that is the publisher of a certain magazine entitled "Essence," (the "Essence Magazine") which magazine is distributed in various cities and states throughout the United States, including the City and State of New York, and outside the United States.

15. Defendant LATINA is a major publishing company that is the publisher of a certain magazine entitled "Latina," (the "Latina Magazine"), which magazine is distributed in various cities and states throughout the United States, including the City and State of New York, and outside the United States.

## STATEMENT OF FACTS

16. Upon information and belief, some time in late 2003 or early 2004, Defendant TBS acquired the right and permission to broadcast a pre-existing and immensely popular television program entitled "Sex and the City" (the "Program") over and on TBS Superstation, a television network consisting of television stations and substations located, operating and broadcasting throughout the United States, including in the City and State of New York, and outside the United States. Since TBS acquired the right and permission to broadcast the Program, it has been and continues to be broadcast on numerous TBS Superstation television stations and substations owned and operated, directly or indirectly, by the defendant throughout the United States, including in the City and State of New York, and outside the United States.

17. During the period from in or about April, 2004, to, in or about August, 2004, and possibly thereafter, TBS caused to be created, published, disseminated, and distributed a certain advertisement promoting "Sex and the City" (the "Advertisement") in "Glamour," "Vanity Fair," "Lucky," "O," "Cosmopolitan," "Shape," "Essence," and "Latina"(collectively referred to as the "Magazines") distributed throughout the City and State of New York and other locations throughout the U.S.  The Defendants, CONDE NAST, HEARST, WEIDER, ESSENCE, and LATINA (collectively referred to as the "Publisher Defendants") caused or were responsible for the publication of the Advertisement in the respective Magazines they publish, and caused said Magazines to be disseminated and distributed throughout the United States, including in the City and State of New York.

18. In addition, TBS also caused the Advertisement to be posted and prominently displayed on numerous subway kiosks, posters and display boards located in the City and State of New York, and on public buses and other means of public transportation located and operating in the City and State of New York.

19. The Advertisement prominently mentions the name **"Yogi Berra"**, the plaintiff herein, in the following context:

> **"Yogasm:**
>
> **a) a type of yo-yo trick**
>
> **b) sex with Yogi Berra**
>
> **c) what Samantha has with a guy from yoga class"**

The Advertisement includes a picture of one of the female stars of the Program in a rather alluring pose and contains certain information about the Program, such as the date of its premiere broadcast on TBS Superstation, and the days of the week and times of day when the Program would be shown on TBS stations and affiliates. A copy of the Advertisement is annexed hereto, made part hereof and marked as Exhibit "A".

20. Plaintiff, whose name, Yogi Berra, is including in the text of the Advertisement, which was published, disseminated and prominently displayed in public, as described above, has never consented or agreed to the use of his name in the Advertisement, whether orally or in writing.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST ALL DEFENDANTS

21. Plaintiff repeats, reiterates and realleges herein each and every allegation set forth in paragraphs 1 through 20 hereinabove as if fully set forth hereinbelow.

00324161

22. Defendants caused the Advertisement which prominently contains Mr. Berra's name therein to be created, published in the Magazines which are widely distributed both in the City and State of New York, throughout the United States and overseas.

23. Defendant TBS further caused the Advertisement to be prominently displayed in public places on subway kiosks, billboards, public vehicles and other facilities located or utilized and operated in the City and State of New York.

24. In wanton, intentional and knowing disregard for the rights of Mr. Berra, and in blatant and reckless disregard for the harm and damage that the Advertisement would and did cause to his reputation, both with the general public and with his family and friends, and without any regard for the injury to Mr. Berra's feelings that he might and did suffer because of the prurient nature of the Advertisement's content, defendants failed to obtain or even attempt to obtain Mr. Berra's written consent to the use of his name in the Advertisement as generated, published and disseminated by the defendants throughout the City and State of New York, at other locations throughout the United States and overseas.

25. Section 50 of the Civil Rights Law of the State of New York provides as follows:

§ 50. Right of privacy

> A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, or if a minor of his or her parent or guardian, is guilty of a misdemeanor.

26. Section 51 of the Civil Rights Law of the State of New York provides in relevant part as follows:

§ 51. Action for injunction and for damages

> Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided [i.e., in § 50 quoted above] may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such persons name, portrait or picture in such manner as is forbidden or declared to be unlawful by section fifty of this article, the jury, in its discretion, may award exemplary damages.

27. Defendants have used the name "Yogi Berra," which is the name by which the plaintiff is known by the general public, and which defendants knew to be his name when they wrongfully and illegally used it in the Advertisement and caused the Advertisement to be published in the Magazines described above without plaintiff's written permission or consent. Said Advertisement was included in and as part of the Magazines sold, distributed and otherwise disseminated to the general public throughout the City and State of New York, throughout the United States and overseas. Defendant TBS also caused the Advertisement to be publicly displayed throughout the City of New York on various subway kiosks, billboards, posters and on public buses and other means of transportation, during the period beginning in or about April, 2004, and upon information and belief, ending in or about August, 2004, or thereafter.

28. The Advertisement directly, intentionally, clearly and unequivocally promotes a product produced, broadcast and otherwise disseminated by the defendants as a

commercial product, to wit, the Program "Sex and the City," and by the Advertisement's content is obviously intended to solicit the general public to watch the said Program -- a commercial product -- on TBS SUPERSTATION, which is owned and/or operated by TBS, thereby causing the Program's commercial television ratings to increase, to the general commercial benefit of TBS.

29. In addition, the Publisher Defendants have also used the publication, distribution and dissemination of the Advertisement as a means of commercial gain by virtue of the fact that they received a financial benefit from selling the advertising space in their respective Magazines, to Defendant TBS, in connection with its soliciting the general public to watch the said Program.

30. Plaintiff has not consented, in writing or otherwise, to the use of his name in the Advertisement, and defendants knew that plaintiff's consent had not been obtained when defendants caused the Advertisement to be published, widely distributed, disseminated and prominently displayed throughout the City and State of New York and in other locations throughout the United States and overseas as aforementioned.

31. Defendants' failure to obtain plaintiff's prior written consent to the use of his name in such a commercial advertisement as the Advertisement is a violation of both Sections 50 and 51 of the Civil Rights Law of the State of New York, which violation was a willful, intentional, and serious violation of the plaintiffs right of privacy and a flagrant and substantial violation of his right of publicity, and has caused plaintiff to suffer severe damage to his reputation and substantial emotional pain and suffering by reason of the nature of the Advertisement's content, the manner in which his name is

used therein, and the fact that his name has been exposed to ridicule and scorn by the public and has caused substantial personal suffering and humiliation to plaintiff, his family, friends and colleagues.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

32. Plaintiff repeats, reiterates and realleges each of allegations set forth in paragraphs 1 through 31 herein as if fully set forth herein.

33. Mr. Berra is a nationally and internationally famous baseball personality. During his career as a catcher for the New York Yankees baseball team, plaintiff established several records, won numerous awards and has acquired a reputation as one of the greatest and most renowned baseball players and team managers in the history of baseball in the United States. His name is virtually a household word throughout the United States and abroad. He has appeared on television and radio programs, in advertisements and films and has been mentioned, quoted in or otherwise made the subject of countless books and articles that have appeared both during his active career as player, coach and manager and after his retirement in numerous newspapers, magazines and periodicals throughout the United States and in many countries throughout the world.

34. As a long-retired baseball star, Mr. Berra earns his living in large part from his licensing or otherwise granting permission and consent to various commercial enterprises and businesses to use his name, image or picture for a substantial fee in connection with commercial ventures, products and services of which he approves.

35. In flagrant and intentional disregard for plaintiff's rights, feelings and reputation, and to wrongfully use plaintiff's name without his prior consent and without compensating him therefore, Defendant TBS has not only used plaintiff's name in the Advertisement to promote the television Program "Sex and the City" for defendants' financial benefit, but both unfairly and unjustly caused plaintiff's name to be associated with that Program and virtually robbed plaintiff of the compensation for such use of his name -- had he been willing to permit such use -- to which plaintiff, as a prominent sports figure who is in the business of contracting for the use of his name, is entitled and can command in the marketplace. Moreover, the Publisher Defendants have intentionally and wrongfully used the Advertisement to their commercial benefit, at Mr. Berra's expense, by obtaining compensation therefor from publishing the Advertisement in their respective Magazines. Consequently, and as a result of the wrongdoing of the defendants described above, the value of plaintiff's name for commercial use in connection with the promoting of business products and services has been substantially damaged and diminished.

36. Plaintiff is a married man and has children and grandchildren. He is a deeply religious man who has maintained and continues to maintain a moral lifestyle, and has a spotless reputation for integrity, decency and moral character with a vast public through the City and State of New York, the United States and overseas. The direct reference to the sexual act made in connection with Mr. Berra contained in the Advertisement created, published and disseminated by the defendant engenders a moral taint that has damaged his otherwise spotless reputation, is hurtful to his

personal sensibilities, and has created a false image of plaintiff that is both contrary to his personality, lifestyle and character as well as abhorrent to him personally and to his family members, friends and colleagues.

37. Defendants have ignored their legal obligations to plaintiff and plaintiff's rights of privacy and publicity by causing the Advertisement to be published, disseminated and prominently displayed in public in the City and State of New York and throughout the United States and overseas, without having obtained his prior written consent to such use of his name and without even requesting of plaintiff that he give his consent thereto.

38. Upon information and belief, defendants knew or had reason to believe that plaintiff would not have given his written consent to the use of his name in said Advertisement, but caused the same to be generated, created, published, disseminated and publicly displayed without first obtaining plaintiff's consent thereto, and without compensating him in any manner therefore, had he been willing to consent thereto.

39. By reason of the foregoing, defendants have injured plaintiff's personal and business reputation, caused him to suffer emotional hurt because of the way in which his name was used in the widely-circulated and prominently displayed Advertisement and deprived plaintiff of his property right in his name, which has substantial commercial value.

**WHEREFORE**, Plaintiff demands judgment in his favor and against all Defendants Turner Broadcasting Systems, Inc., Conde Nast Publications, Inc., Hearst Business Publishing, Inc. Weider Publications, Inc., Essence Communications

Partners, and Latina Media Ventures, LLC., as follows:

1. Upon the First Cause of Action, for compensatory and exemplary damages as provided for in Sections 50 and 51 of the Civil Rights Law of New York in the amount of $5,000,000.00; and an injunction against any further use of plaintiff's name by defendants, their affiliates or subsidiaries, in any advertisement, broadcast, published or otherwise disseminated or displayed by any of them.

2. Upon the Second Cause of Action, that this Court decree that defendants account to plaintiff and pay out to plaintiff such sums as such accounting shall show that the defendants have unjustly enriched themselves by their misappropriation of plaintiff's name and reputation without his prior written consent, and for compensatory and exemplary damages in the amount of $5,000,000.00, together the cost of plaintiff's attorneys' fees, the costs and disbursements of this action and such other and further relief as to this Court may seem just and proper in the premises.

Dated: New York, New York
March 9, 2005

                                                Davidoff, Malito & Hutcher, LLP

                                                by _____
                                                Lewis M. Smoley (LS4613)
                                                Attorneys for the Plaintiff
                                                605 Third Avenue, 34th floor
                                                New York, New York 10158
                                                (212) 557-7200

# Yogasm:

a) a type of yo-yo trick

b) sex with Yogi Berra

c) what Samantha has with a guy from yoga class

# SEX AND THE CITY®

From the first episode to the last.

tues & wed
10/9c
premieres june 15

tbs
very funny



tbs.tv
Viewer discretion is advised