Barry I. Slotnick (BS-9796)
Christian D. Carbone (CC-6502)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

Attorneys for Defendant and Third-Party Plaintiff
Turner Broadcasting System, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
LAWRENCE PETER BERRA, also known as,                     :
YOGI BERRA,                                              :
                                                         :
                Plaintiff,                             :
                                                         :
         -against-                                   :
                                                         :
TURNER BROADCASTING SYSTEM, INC.,                        :
                                                         :       05 CV 2233 (RJH) (RLE)
                Defendant,                             :
                                                         :       **THIRD-PARTY COMPLAINT**
---------------------------------------------------------
                                                         :
TURNER BROADCASTING SYSTEM, INC.,                        :
                                                         :
                Third-Party Plaintiff,                 :
                                                         :
     -against-                                         :
                                                         :
CLIFF FREEMAN AND PARTNERS, INC.,                        :
                                                         :
                Third-Party Defendant.                 :
-------------------------------------------------------- X



       Defendant and Third-Party Plaintiff Turner Broadcasting System, Inc. ("TBS"), by and through its attorneys, Loeb & Loeb LLP, alleges, for its third-party complaint, as follows:

## PARTIES

    1.    Plaintiff Lawrence Peter Berra is an individual residing, upon information and belief, in the State of New Jersey.

2. Defendant and third-party plaintiff TBS is a Georgia corporation with its principal place of business in Atlanta, Georgia.

3. Third-Party defendant Cliff Freeman and Partners, Inc. ("Cliff Freeman") is, upon information and belief, a New York corporation maintaining its principal place of business in the City of New York at 375 Hudson Street.

## JURISDICTION

4. This Court has jurisdiction over a dispute between plaintiff Lawrence Peter Berra and defendant TBS on the basis of diversity of citizenship, in that plaintiff and TBS are each citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. This third-party complaint asserts that Cliff Freeman is liable to TBS for any and all liability that TBS may owe to plaintiff, which liability TBS denies. This Court has jurisdiction over the claims asserted in this third-party complaint because the claims herein arise out of the same facts and circumstances of the original complaint and, accordingly, this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Independently, there is complete diversity of citizenship between TBS and Cliff Freeman and more than $75,000, exclusive of costs and interest, is in dispute.

## FACTS RELEVANT TO ALL CLAIMS

6. Plaintiff filed a civil complaint against TBS seeking damages arising from the alleged unauthorized use of the name Yogi Berra in a promotional piece that was created to promote telecasts of the television program "Sex and the City." A copy of plaintiff's complaint is attached hereto as Exhibit 1.

2

7. Attached as Exhibit A to plaintiff's complaint is a copy of a promotional piece (the "Promotional Piece") which plaintiff claims caused his injuries. Plaintiff alleges, among other things, that the Promotional Piece violates §§ 50 and 51 of the Civil Rights Law of the State of New York and caused him to suffer emotional distress and related injuries.

8. On or about December 9, 2003, Superstation, Inc., a subsidiary of TBS, entered into a contract with Cliff Freeman (the "Work for Hire Agreement") in which Cliff Freeman agreed, among other things, to create and deliver certain materials to TBS in connection with a promotional campaign for the television program "Sex and the City."

9. In the Work for Hire Agreement, Cliff Freeman expressly represented and warranted that any tangible materials or work product created thereunder would not, to the best of Cliff Freeman's knowledge, infringe upon or violate the rights of any third party.

10. In or about January 2004, Cliff Freeman provided TBS with promotional materials and concepts that Cliff Freeman had created pursuant to the Work for Hire Agreement. These materials included the Promotional Piece about which plaintiff complains.

11. On or about April 7, 2004, Cliff Freeman entered into an additional agreement with TBS concerning the creation and production of a promotional campaign to promote the telecasts of the television program "Sex and the City" on the TBS Network (the "April 2004 Agreement").

12. Pursuant to the April 2004 Agreement, Cliff Freeman again represented and warranted that any materials created thereunder would not infringe upon or violate any rights of any third party.

13. The April 2004 Agreement also provided that it was Cliff Freeman's responsibility to obtain all necessary rights, consents and agreements with respect to any

3

elements incorporated into any promotional materials that were not from the television program "Sex and the City."

14. The April 2004 Agreement further provided that in the event that Cliff Freeman failed to discharge its responsibilities, including its obligation to obtain all necessary rights, consents and agreements from third-parties, Cliff Freeman would indemnify TBS and hold TBS free of liability and expense, including reasonable attorneys' fees, incurred by TBS arising from any claim, suit or proceeding instituted by any third party.

15. Although TBS denies that plaintiff is entitled to any recovery, in the event that plaintiff does ultimately prevail on any of his claims it will be the result of Cliff Freeman's breach of its contractual and legal obligations to TBS.

16. Following plaintiff's commencement of this action, TBS demanded that Cliff Freeman honor its legal and contractual obligations by, among other things, indemnifying TBS and holding TBS free of liability and expense, including reasonable attorneys' fees, incurred by TBS in connection with this action. Cliff Freeman has failed and refused to do so.

## FIRST CLAIM

17. TBS repeats and realleges the allegations contained in paragraphs "1" through "16" of the third-party complaint with the same force and effect as if fully set forth herein.

18. Pursuant to both the Work for Hire Agreement and the April 2004 Agreement, Cliff Freeman expressly represented and warranted to TBS that the Promotional Piece did not infringe upon or violate the rights of any third party.

19. By his complaint, plaintiff, a third party, contends that the Promotional Piece infringed upon or violated his rights.

20. TBS has fully performed its obligations under both the Work for Hire Agreement and the April 2004 Agreement.

21. By reason of the foregoing, if and to the extent plaintiff prevails on his claims against TBS, then Cliff Freeman is liable for all sums that may be adjudged against TBS in favor of plaintiff in this action and all costs and attorneys' fees incurred by TBS in connection with this action.

## SECOND CLAIM

22. TBS repeats and realleges the allegations contained in paragraphs "1" through "21" of the third-party complaint with the same force and effect as if fully set forth herein.

23. By creating the Promotional Piece and delivering it to TBS, Cliff Freeman made implied warranties and representations to TBS that the Promotional Piece did not infringe upon or violate the rights of any third party.

24. By his complaint, plaintiff, a third party, contends that the Promotional Piece infringed upon or violated his rights.

25. By reason of the foregoing, if and to the extent plaintiff prevails on his claims against TBS, then Cliff Freeman is liable for all sums that may be adjudged against TBS in favor of plaintiff in this action and all costs and attorneys' fees incurred by TBS in connection with this action.

## THIRD CLAIM

26. TBS repeats and realleges the allegations contained in paragraphs "1" through "25" of the third-party complaint with the same force and effect as if fully set forth herein.

27. The April 2004 Agreement provided that it would be Cliff Freeman's responsibility to obtain all necessary rights, consents and agreements with respect to any elements incorporated into any promotional materials that were not from the television program "Sex and the City."

28. By his complaint, plaintiff, a third party, alleges that the Promotional Piece infringed upon or violated his rights because, among other things, plaintiff contends that he did not grant any rights, consents or otherwise agree to permit the use of the name Yogi Berra in the Promotional Piece.

29. TBS has fully performed its obligations under the April 2004 Agreement.

30. By reason of the foregoing, if and to the extent plaintiff prevails on his claims against TBS, then Cliff Freeman is liable for all sums that may be adjudged against TBS in favor of plaintiff in this action and all costs and attorneys' fees incurred by TBS in connection with this action.

## FOURTH CLAIM

31. TBS repeats and realleges the allegations contained in paragraphs "1" through "30" of the third-party complaint with the same force and effect as if fully set forth herein.

32. By the April 2004 Agreement, Cliff Freeman agreed to indemnify TBS and hold TBS free of any liability and expense, including reasonable attorneys' fees, incurred by TBS arising from any claim, suit or proceeding instituted by any third party.

33. By reason thereof, Cliff Freeman is liable and indebted to TBS for the costs and expenses, including reasonable attorneys' fees, incurred by TBS in connection with this action.

WHEREFORE, defendant and third-party plaintiff Turner Broadcasting System, Inc. demands judgment against third-party defendant Cliff Freeman and Partners, Inc. as follows:

(A) For all sums that may be adjudged against TBS in favor of plaintiff in this action;

(B) For all costs and expenses, including reasonable attorneys' fees, incurred by TBS in connection with this action; and

(C) That TBS recover such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 9, 2005

LOEB & LOEB LLP

By: _____
Barry I. Slotnick (BS-9796)
Christian D. Carbone (CC-6502)
345 Park Avenue
New York, New York 10154-0037
212-407-4000

Attorneys for Defendant and
    Third-Party Plaintiff
Turner Broadcasting System, Inc.

To: Cliff Freeman and Partners, Inc.
    375 Hudson Street
    New York, NY 10014

391432.2

# EXHIBIT ONE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

LAWRENCE PETER BERRA, also known
as YOGI BERRA,

                Plaintiff,                        Filed: 1/28/05

      -against-                                 **SUMMONS**

TURNER BROADCASTING SYSTEM, INC.,

                                                   Index No. 600339/05

               Defendant.
-----------------------------------------------------------------X

**To The Above-Named Defendant:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      The basis of the venue is presence of defendant and the conduct of business by the defendant therein.

Dated:      New York, New York
               January 27, 2005

                                                    Davidoff, Malito & Hutcher, LLP

                                                    by Lewis M. Smoley, Esq.
                                                    Attorneys for Plaintiff
                                                    605 Third Avenue, 34th floor
                                                    New York, New York 10158
                                                     (212) 557-7200

TO:  Turner Broadcasting Systems Inc.
       One Time Warner Center
       New York, New York 10019

DM:00322146.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

LAWRENCE PETER BERRA, also known
as YOGI BERRA,

                Plaintiff,

        -against-                                          COMPLAINT

TURNER BROADCASTING SYSTEM, INC.,         Index No. 600339/05

                Defendant.
-----------------------------------------------------------------X

      Plaintiff, LAWRENCE PETER BERRA, also known as YOGI BERRA (referred to herein as "Mr. BERRA" or "plaintiff"), by his attorneys DAVIDOFF, MALITO & HUTCHER, LLP, complaining of the Defendant TURNER BROADCASTING SYSTEM, INC. ("TBS" or "defendant"), respectfully alleges the following:

## JURISDICTION AND VENUE

      1.    Plaintiff Lawrence Peter Berra, also known as Yogi Berra, is a resident of the state of New Jersey.

      2.    Upon information and belief, Defendant TBS is a Georgia corporation that does business in the City and State of New York.

      3.    Venue in this action is based upon the conduct of business of the defendant in the City and State of New York by reason, inter alia, of its having caused to be published, distributed, disseminated and displayed therein a certain written commercial advertisement that refers by name to the plaintiff and is the subject of this action.

DM:00318036.1

## THE PARTIES

4.      Mr. Berra is a well-known baseball star who, though retired from active status as a baseball player, coach and manager for many years, is a very popular and highly respected personality who has made numerous appearance on television and radio, and has been the subject of countless books, articles and other publications widely circulated and distributed throughout the United States and overseas.

5.      Defendant TBS is a major producer of entertainment products that are broadcast over commercial television networks, stations and substations located in, and whose programs are broadcast in, various cities and states throughout the United States, including in the City and State of New York, and outside the United States. In connection with the broadcast of these entertainment programs, said defendant causes to be created, published, disseminated and displayed advertisements in printed form that advise the general public in the various locations of such programs for the apparent purpose of publicizing such programs and thereby increasing the number of persons who will watch, listen to or otherwise avail themselves of these programs.

## STATEMENT OF FACTS

6.      Upon information and belief, some time in late 2003 or early 2004, TBS acquired the right and permission to broadcast a pre-existing and immensely popular television program entitled "Sex and the City" (the "Program") over and on TBS Superstation, a television network consisting of television stations and substations located, operating and broadcasting throughout the United States, including in the City and State of New York, and outside the United States. Since TBS acquired the right

and permission to broadcast the Program, it has been and continues to be broadcast on numerous TBS Superstation television stations and substations owned and operated, directly or indirectly, by the defendant throughout the United States, including in the City and State of New York, and outside the United States.

7.  During the period from in or about April, 2004, to in or about August, 2004, and possibly thereafter, the defendant caused to be published, disseminated, and distributed a certain advertisement promoting "Sex and the City" (the "Advertisement") in numerous publications, magazines and other periodicals distributed throughout the City and State of New York and other locations throughout the U.S., and caused the Advertisement to be posted and prominently displayed on numerous subway kiosks and poster and display boards located in the City and State of New York, and on public buses and other means of public transportation located and operating in the City and State of New York. The Advertisement prominently mentions the name **"Yogi Berra"**, the plaintiff herein, in the following context:

> **"Yogasm:**
>
> **a) a type of yo-yo trick**
>
> **b) sex with Yogi Berra**
>
> **c) what Samantha has with a guy from yoga class"**

The Advertisement includes a picture of one of the female stars of the Program in a rather alluring pose and contains certain information about the Program, such as the date of its premiere broadcast on TBS Superstation, and the days of the week and times of day when the Program would be shown on TBS stations and affiliates. A copy of the Advertisement is annexed hereto, made part hereof and marked as Exhibit "A".

8.  The defendant has caused the Advertisement to be created and distributed, disseminated and prominently displayed in newspapers, on billboards and on public vehicles and at other locations and on other means of public transportation throughout the State and City of New York, and, upon information and belief, at numerous other locations throughout the United States and overseas.

9.  Plaintiff, whose name, Yogi Berra, is including in the text of the Advertisement, which was published, disseminated and prominently displayed in public, as described above, has never consented or agreed to the use of his name in the Advertisement, orally or in writing.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE DEFENDANT

10. Plaintiff repeats, reiterates and realleges herein each and every allegation set forth in paragraphs 1 through 9 hereinabove as if fully set forth hereinbelow.

11. TBS caused the Advertisement which prominently contains Mr. Berra's name therein to be created, published in various magazines and periodicals, widely distributed both in the City and State of New York, throughout the United States and overseas, and defendant further caused the Advertisement to be prominently displayed in public places on subway kiosks, billboards, public vehicles and other facilities located or utilized and operating in the State and City of New York.

12. In wanton, intentional and knowing disregard for the rights of Mr. Berra, and in blatant and reckless disregard for the harm and damage that the Advertisement would and did cause to his reputation, both with the general public and with his family

and friends, and without any regard for the injury to Mr. Berra's feelings that he might and did suffer because of the prurient nature of the Advertisement's content, defendant failed to obtain or even attempt to obtain Mr. Berra's written consent to the use of his name in the Advertisement as generated, published and disseminated by the defendant throughout the City and State of New York, at other locations throughout the United States and overseas.

13. Section 50 of the Civil Rights Law of the State of New York provides as follows:

§ 50. Right of privacy

A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, or if a minor of his or her parent or guardian, is guilty of a misdemeanor.

14. Section 51 of the Civil Rights Law of the State of New York provides in relevant part as follows:

§ 51. Action for injunction and for damages

Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided [i.e., in § 50 quoted above] may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by section fifty of this article, the jury, in its discretion, may award exemplary damages.

15. Defendants have used the name "Yogi Berra," which is the name by which the plaintiff is known by the general public, and which defendant knew and

knows to be his name when they so used it in the Advertisement described above without his written permission or consent. Said Advertisement was included in and as part of numerous publications sold, distributed and otherwise disseminated to the general public throughout the City and State of New York, throughout the United States and overseas, and on several signs and displays publically displayed throughout the City of New York on various subway kiosks and public buses and other means of transportation, during the period beginning in or about April, 2004, and upon information and belief, ending in or about August, 2004, or thereafter.

16.     The Advertisement directly, intentionally, clearly and unequivocally promotes a product produced, broadcast and otherwise disseminated by the defendant as a commercial product, to wit, the Program "Sex and the City," and by the Advertisement's content is obviously intended to solicit the general public to watch the said Program -- a commercial product -- on TBS SUPERSTATION, which is owned and/or operated by the defendant, thereby causing the Program's commercial television ratings to increase, to the general commercial benefit of the defendant.

17.     Plaintiff has not consented, in writing or otherwise, to the use of his name in the Advertisement, and defendant knew that plaintiff's consent had not been obtained when defendant caused the Advertisement to be published, widely distributed, disseminated and prominently displayed throughout the City and State of New York and in other locations throughout the United States and overseas as aforementioned.

18.     Defendants' failure to obtain plaintiff's prior written consent to the use of his name in such a commercial advertisement as the Advertisement is a violation of

both Sections 50 and 51 of the Civil Rights Law of the State of New York, which violation was a willful, intentional, and serious violation of the plaintiff's right of privacy and a flagrant and substantial violation of his right of publicity, and has caused plaintiff to suffer severe damage to his reputation and substantial emotional pain and suffering by reason of the nature of the Advertisement's content, the manner in which his name is used therein, and the fact that his name has been exposed to ridicule and scorn by the public and has caused substantial personal suffering and humiliation to plaintiff, his family, friends and colleagues.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE DEFENDANT

19. Plaintiff repeats, reiterates and realleges each of allegations set forth in paragraphs 1 through 18 herein as if fully set forth herein.

20. Mr. Berra is a nationally and internationally famous baseball personality. During his career as a catcher for the New York Yankees baseball team, plaintiff established several records, won numerous awards and has acquired a reputation as one of the greatest and most renown baseball players and team managers in the history of baseball in the United States. His name is virtually a household word throughout the United States and abroad. He has appeared on television and radio programs, in advertisements and films and has been mentioned, quoted in or otherwise made the subject of countless books and articles that have appeared both during his active career as player, coach and manager and after his retirement in

numerous newspapers, magazines and periodicals throughout the United States and in many countries throughout the world.

21. As a long-retired baseball star, Mr. Berra earns his living in large part from his licensing or otherwise granting permission and consent to various commercial enterprises and businesses to use his name, image or picture for a substantial fee in connection with commercial ventures, products and services of which he approves.

22. In flagrant and intentional disregard for plaintiff's rights, feelings and reputation, and to wrongfully use plaintiff's name without his prior consent and without compensating him therefor, the defendant has not only used plaintiff's name in the Advertisement to promote the television Program "Sex and the City" for defendant's financial benefit but has both unfairly and unjustly caused plaintiff's name to be associated with that Program and virtually robbed plaintiff of the compensation for such use of his name -- had he been willing to permit such use -- to which plaintiff, as a prominent sports figure who is in the business of contracting for the use of his name, is entitled and can command in the marketplace. Consequently, and as a result of the wrongdoing of defendant described above, the value of plaintiff's name for commercial use in connection with the promoting of business products and services has been substantially diminished.

23. Plaintiff is a married man and has children and grandchildren. He is a deeply religious man who has maintained and continues to maintain a moral lifestyle, and has a spotless reputation for integrity, decency and moral character with a vast public through the City and State of New York, the United States and overseas. The direct reference to the sexual act made in connection with Mr. Berra contained in the

Advertisement created, published and disseminated by the defendant engenders a moral taint that has damaged his otherwise spotless reputation, is hurtful to his personal sensibilities, and has created a false image of plaintiff that is both contrary to his personality, lifestyle and character as well as abhorrent to him personally and to his family members, friends and colleagues.

24. Defendant ignored both its legal obligations to plaintiff and plaintiff's rights of privacy and publicity by causing the Advertisement to be published, disseminated and prominently posted in public in the City and State fo New York and throughout the United States and overseas without having obtained his prior written consent to such use of his name and without even requesting of plaintiff that he give his consent thereto.

25. Upon information and belief, defendant knew or had reason to believe that plaintiff would not have given his written consent to the use of his name in said Advertisement, but caused the same to be generated, created, published, disseminated and publically displayed notwithstanding the absence of plaintiff's consent thereto, and without compensating him in any manner therefor, had he been willing to consent thereto.

26. By reason of the foregoing, defendant has injured plaintiff's personal and business reputation, caused him to suffer emotional hurt because of the way in which his name was used in the widely-circulated and prominently displayed Advertisement and deprived plaintiff of his property right in his name, which has substantial commercial value.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the Defendant Turner Broadcasting Systems, Inc. as follows:

1. Upon the First Cause of Action, for compensatory and exemplary damages as provided for in Sections 50 and 51 of the Civil Rights Law of New York in the amount of $5,000,000.00; and an injunction against any further use of plaintiff's name by defendant, its affiliates or subsidiaries, in any advertisement, broadcast, published or otherwise disseminated or displayed by any of them.

2. Upon the Second Cause of Action, that this Court decree that defendant account to plaintiff and pay out to plaintiff such sums as such accounting shall show that defendant has unjustly enriched itself by its misappropriation of plaintiff's name and reputation without his prior written consent, and for compensatory and exemplary damages in the amount of $5,000,000.00, together the cost of plaintiff's attorneys' fees, the costs and disbursements of this action and such other and further relief as to this Court may seem just and proper in the premises.

Dated:   New York, New York
         January 27, 2005

                                            Davidoff, Malito & Hutcher, LLP

                                            by _____
                                               Lewis M. Smoley
                                            Attorneys for the Plaintiff
                                            605 Third Avenue, 34th floor
                                            New York, New York 10158
                                            (212) 557-7200

# Yogasm:

a) a type of yo-yo trick

b) sex with Yogi Berra

c) what Samantha has with a guy from yoga class

# SEX AND THE CITY®
From the first episode to the last.

tues & wed
10/9c
premieres june 15


tbs
very funny

tbs.tv
Viewer discretion is advised.

TM & © 2004 Turner Broadcasting System, Inc. A Time Warner Company. All Rights Reserved. Sex and the City is a registered service mark of Home Box Office, Inc.