Barry I. Slotnick (BS-9796)
Christian D. Carbone (CC-6502)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

Attorneys for Defendants Turner Broadcasting
System, Inc., Superstation, Inc., Conde Nast
Publications, Inc., Hearst Business Publishing, Inc.,
Weider Publications, Inc., Essence Communications
Partners, and Latina Media Ventures LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
LAWRENCE PETER BERRA, also known as                     :
YOGI BERRA,                                             :
                                                        :
                    Plaintiff,                          :
                                                        :
              -against-                                 :
                                                        :
TURNER BROADCASTING SYSTEM, INC.,                       :
SUPERSTATION, INC., CLIFF FREEMAN
AND PARTNERS, INC., CONDE NAST                          :
PUBLICATIONS, INC., HEARST                                  05 CV 2233 (RJH)
BUSINESS PUBLISHING, INC., WEIDER                       :
PUBLICATIONS, INC., ESSENCE                                **ECF CASE**
COMMUNICATIONS PARTNERS, and                            :
LATINA MEDIA VENTURES LLC,                                 RULE 26 INITIAL DISCLOSURES OF
                                                        :  DEFENDANTS
                    Defendants.                         :
------------------------------------------------------- X
TURNER BROADCASTING SYSTEM, INC.,                       :
                                                        :
                    Third-Party Plaintiff,              :
                                                        :
              -against-                                 :
                                                        :
CLIFF FREEMAN and PARTNERS, INC.,                       :
                                                        :
                    Third-Party Defendant.              :
                                                        :
------------------------------------------------------- X

Pursuant to Federal Rule 26(a)(1)(A-D) of the Federal Rules of Civil Procedure, Defendants Turner Broadcasting System, Inc. and Superstation, Inc. (collectively, "Turner"), Conde Nast Publications, Inc., Hearst Business Publishing, Inc., Weider Publications, Inc., Essence Communications Partners, and Latina Media Ventures LLC hereby make the following Initial Disclosures. These disclosures are based on the information reasonably available to them at this time and are made without waiving any objections as to relevance, materiality, or admissibility of evidence in this action or any other action or proceeding. Defendants reserve the right at any time to revise, correct, add to, or clarify the disclosures set forth herein, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

A.      **Rule 26(a)(1)(A):**

> The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

The following are individuals likely to have discoverable information that Defendants may use to support their claims or defenses, and the subjects of information known by such individuals:

1.      The following individuals, who may be contacted through counsel for Defendants, may have knowledge or information concerning the facts and circumstances of: (a) Turner's agreements and contracts with Third-Party Defendant Cliff Freeman and Partners, Inc. ("Cliff Freeman") and the performance thereof; (b) the creation of the "Sex and the City" promotional piece in question by Cliff Freeman (the "Promotion"); and (c) other facts and circumstances relating to Defendants' claims or defenses:

a.   Tricia Melton

  b. Gary Holland

  c.  Heather Crawford

  d. Lauren George

  e. Eric Brackett

  f. Anne Marie Loeffler

  g. Aretta Baldon

  h. Liz Weller

  i. Rachel Ruskin

  2. The following individuals, who may be contacted c/o Cliff Freeman, 375 Hudson Street, New York, NY 10014, may have knowledge or information concerning the facts and circumstances of: (a) Turner's agreements and contracts with Cliff Freeman and the performance thereof; and (b) other facts relevant to Defendants' claims or defenses:

  a. Cliff Freeman

  b. Ellie Tiriana

  c. Dan Morales

  d. Peter J. Regan

  e. Aly Christianson

  f. Clair Grupp

  g. Loretta Tassotti

  h. Anna Beth Webber

  i. Laura Fegley

  j. Dawn McCarthy

  k. Jonas Fischer

          l.   Richard Waldburger

3.     Other individuals:

        a.   Lawrence Peter Berra, c/o Davidoff, Malito & Hutcher, LLP, 605 Third Avenue, 34th Floor, New York, NY 10158.  The facts and circumstances of: (a) compensation derived from the exploitation of Plaintiff's name, nickname, image, signature or likeness in promotions and advertisements; (b) any alleged damage to the value of Plaintiff's name, nickname, image, signature or likeness as a direct result of the Promotion; (c) the emotional distress allegedly suffered by Plaintiff; and (d) all other facts relevant to Plaintiff's claims.

        b.   LTD Enterprises, Inc., Yogi Berra Museum, 8 Quarry Rd., Little Falls, NJ 07424.  The facts and circumstances of: (a) agreements or assignments of the use of Plaintiff's name, nickname, image, signature or likeness in promotions and advertisements between Plaintiff and LTD Enterprises, Inc.; (b) any alleged damage to the value of Plaintiff's name, nickname, image, signature or likeness as a direct result of the Promotion; (c) the causes and extent of the losses allegedly sustained by Plaintiff; and (d) compensation derived from the exploitation of Plaintiff's name, nickname, signature, image and/or likeness in promotions or advertisements.

The above disclosures are made based upon Defendants' knowledge at this time. The inclusion of an individual on this list does not constitute a representation that such individual does, in fact, possess discoverable information related to the action.  Defendants are not aware at

this time of what experts, if any, will testify at trial.  Defendants reserve the right to supplement

these disclosures based upon what they learn in discovery.

**B.**    **Rule 26(a)(1)(B):**

> A copy of, or a description by category and location of, all
> documents, data compilations, and tangible things that are in the
> possession, custody, or control of the party and that the disclosing
> party may use to support its claims or defenses, unless solely for
> impeachment.

Defendants may use the following categories of documents identified below to

support their claims or defenses, which are located at Turner's offices, are otherwise within its

control, or are in the possession of their counsel:

1.    Turner's agreements with Cliff Freeman and documents reflecting the

performance thereof.

2.    Documents regarding Cliff Freeman's development and production of promotions

and advertisements for "Sex and the City."

3.    Video tapes of the relevant episode or episodes of the "Sex and the City"

program, as telecast on the TBS Network, which the Promotion was designed to promote.

4.    Documents sufficient to show fees paid, if any, for the use of names, nicknames,

images, or likenesses for comparable promotions or advertisements.

The fact investigation into Plaintiff's claims and Defendants' claims and defenses

is ongoing and discovery has not yet begun.  After a reasonable period of discovery and fact

investigation, Defendants may discover other documents that are relevant to their claims or

defenses.  In addition, many relevant documents may be in the custody and control of non-parties

and the Plaintiff.  Accordingly, Defendants reserve the right to supplement this disclosure.

**C.**   **Rule 26(a)(1)(C):**

> A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Defendants' position is that Plaintiff is not entitled to any damages.  Turner has filed a Third-Party Complaint against Cliff Freeman for indemnification and attorneys' fees. Turner will be making a computation of its costs and fees resulting from the litigation at the conclusion of the case and will provide the supporting documentation at the appropriate time.

**D.**   **Rule 26(a)(1)(D):**

> For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Defendants will provide for inspection and copying at counsel's offices any insurance agreement that may be liable for all or part of any judgment which may be entered in this action against them.

Dated: New York, New York
      May 16, 2005

LOEB & LOEB LLP

By: _____
    Barry I. Slotnick (BS-9796)
    Christian D. Carbone (CC-6502)
345 Park Avenue
New York, New York 10154-0037
212-407-4000

Attorneys for Defendants Turner Broadcasting System, Inc., Superstation, Inc., Conde Nast Publications, Inc., Hearst Business Publishing, Inc., Weider Publications, Inc., Essence Communications Partners, and Latina Media Ventures LLC

NY409957v4