Lewis M. Smoley (LS-4613)
DAVIDOFF MALITO & HUTCHER, LLP
605 Third Avenue, 34th floor
New York, New York 10158
212-557-7200

Attorneys for Plaintiff
Lawrence Peter Berra also known as
Yogi Berra

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LAWRENCE PETER BERRA, also known : 
as YOGI BERRA,
                                                    :
                    Plaintiff,
                                                    :
       -against-
                                                    :
TURNER BROADCASTING SYSTEM, INC.,
SUPERSTATION, INC.,                  :     05 CV 2233 (RJH)
CLIFF FREEMAN AND PARTNERS, INC.,
CONDE NAST PUBLICATIONS, INC.,       :
HEARST BUSINESS PUBLISHING, INC.,          ECF CASE
WEIDER PUBLICATIONS, INC., ESSENCE   :
COMMUNICATIONS PARTNERS, and
LATINA MEDIA VENTURES, LLC,          :

                    Defendants.      :
-------------------------------------------------------------------X

TURNER BROADCASTING SYSTEM, INC.     :

                    Third-Party Plaintiff,    :

       -against-                              :

CLIFF FREEMAN AND PARTNERS, INC.,    :

                    Third-Party Defendant.  :

-------------------------------------------------------------------X

## PLAINTIFF'S INITIAL DISCLOSURES

00326601

## PURSUANT TO F.R.C.P. RULE 26(a)(1)

(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

       Yogi Berra

       Larry Berra

       Tim Berra

       Dale Berra

Each of the above individuals can be contacted through plaintiff's counsel.

(B) a copy of, or description by category and location of, all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

Contracts and agreements entered into by Yogi Berra and/or LTD Enterprises, A Berra Family Corporation ("LTD"), on behalf of Mr. Berra, whereunder the name, picture and/or image of Yogi Berra is licensed or otherwise permitted to be used for commercial purposes, and written communications with respect thereto, to the extent any such contracts, agreements and communications are relevant to the facts and circumstances of this case, are either in the possession of Yogi Berra or LTD, or of such other persons or entities with or by whom these contracts and agreements were entered into and/or arranged by or on behalf of Yogi Berra and/or LTD.

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

(1) Compensatory damages for Defendants' violation of Section 50 and 51 of the Civil Rights Law of New York by using Plaintiff's name in an advertisement for commercial or trade purposes that was posted in various public forums, including on public buses, and published in numerous magazines that were widely disseminated. Compensatory damages are based upon, but not limited to, the following:

    (a)    commercial loss of income:

    (b)    injury to personal sensibilities and reputation of the Plaintiff and to the marketability of his name, persona, image, photograph, etc. of Plaintiff;

    (c)    Defendants' unjust enrichment; and

    (d)    damages to Plaintiff's future earnings potential.

Certain elements of Plaintiff's total compensatory damages will be computed based upon the report of an expert. Expert disclosure will be provided pursuant to the FRCP. Discovery from Defendants is needed to determine, among other things, the extent to which Defendants distributed, disseminated and/or circulated the advertisement containing Plaintiff's name that is the subject of this case (the "advertisement"); revenues generated directly or indirectly from the creation, use, publication and/or dissemination of the advertisement by the Defendants; contracts and agreements between Defendant TBS, Defendant Cliff Freeman and Partners, Inc. and/or Superstation, Inc. concerning the advertisement and for the use of the name, photograph or image of other celebrities or public figures in connection with programs and other products of Defendants TBS and Superstation, and all related communications; revenues

generated by TBS and/or Superstation from the use of the advertisement or attributable thereto; revenues generated from the publication and dissemination of the advertisement in magazines published by Defendants Conde Naste Publications, Inc., Hearst Business Publishing, Inc., Weider Publications, Inc., Essence Communications Partners and Latina Media Venutures, LLC; and revenues received by Defendant Cliff Freeman for its creating and/or distributing the advertisement.

(2) Punitive damages, the amount of which shall be determined by the jury at trial, are based upon various factors including, but not limited to, the extent of, and circumstances relating to, the Defendants' knowledge of the wrongful and unauthorized use of Plaintiff's name in the advertisement; the amount of Defendants' revenues generated by and/or otherwise relating to the unauthorized use of Plaintiff's name in the advertisement; the extensiveness of the distribution of the advertisement, damage to Plaintiff's reputation and future earning potential and the need for deterrence. Discovery from Defendants is needed to determine, among other things, the extent of, and circumstances relating to, Defendants' knowledge of the unauthorized use of Plaintiff's name in the advertisement and the extent to which the Defendants profited from their use, distribution, dissemination and publication of the advertisement.

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Plaintiff has no insurance coverage that covers the circumstances to which plaintiff's claims relate. On information and belief, Defendant Cliff Freeman and Partners, Inc. has such insurance coverage and the other defendants may have as well.

Dated:    May 5, 2005

                            DAVIDOFF, MALITO & HUTCHER, LLP

                            By _____
                                Lewis M. Smoley (LS-4613)
                            Attorneys for Plaintiff
                            605 Third Avenue, 34th floor
                            New York, New York 10158
                            (212) 557-7200
                            e-mail address: lms@dmlegal.com

TO:    LOEB & LOEB LLP
        Attorneys for Defendants Turner Broadcasting System, Inc.,
            Superstation, Inc., Conde Nast Publications, Inc.,
            Hearst Business Publishing, Inc., Weider Publications, Inc.,
            Essence Communications Partners and
            Latina Media Ventures, LLC
        345 Park Avenue
        New York, New York 10154-0037

        HOGUET NEWMAN & REGAL, LLP
        Attorneys for Defendant and Third-Party Defendant
            Cliff Freeman and Partners, Inc.
        10 East 40th Street
        New York, New York 10016