Barry I. Slotnick (BS-9796)
Christian D. Carbone (CC-6502)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

Attorneys for Defendants Turner Broadcasting
System, Inc., Superstation, Inc., Conde Nast
Publications, Inc., Hearst Business Publishing, Inc.,
Weider Publications, Inc., Essence Communications
Partners, and Latina Media Ventures LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
LAWRENCE PETER BERRA, also known as                          :
YOGI BERRA,                                                  :
                                                             :
                     Plaintiff,                              :
                                                             :
       -against-                                             :
                                                             :
TURNER BROADCASTING SYSTEM, INC.,                            :
SUPERSTATION, INC, CLIFF FREEMAN                             :
AND PARTNERS, INC, CONDE NAST                                :
PUBLICATIONS, INC., HEARST                                   :      05 Civ. 2233 (RJH)
BUSINESS PUBLISHING, INC., WEIDER                            :
PUBLICATIONS, INC., ESSENCE                                  :      **ECF CASE**
COMMUNICATIONS PARTNERS, and                                 :
LATINA MEDIA VENTURES LLC,                                   :
                                                             :      ANSWER TO SECOND AMENDED
                     Defendants.                             :      COMPLAINT
------------------------------------------------------------ X
TURNER BROADCASTING SYSTEM, INC.                             :
and SUPERSTATION, INC.,                                      :
                                                             :
                     Third-Party Plaintiffs,                 :
                                                             :
       -against-                                             :
                                                             :
CLIFF FREEMAN and PARTNERS, INC.,                            :
                                                             :
                     Third-Party Defendant.                  :
------------------------------------------------------------ X

Defendants Turner Broadcasting System, Inc. ("TBS, Inc.") and Superstation, Inc. ("TBS Network"), Conde Nast Publications, Inc., Hearst Business Publishing, Inc., Weider Publications, Inc., Essence Communications Partners, and Latina Media Ventures LLC, by and through their attorneys, Loeb & Loeb LLP, answer the Second Amended Complaint as follows:

1.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1".

2.    Admit the allegations contained in paragraph "2".

3.    Deny the allegations contained in paragraph "3", except admit that TBS Network is a Georgia corporation that does business in the City and State of New York.

4.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4".

5.    Deny the allegations contained in paragraph "5", except admit that Advanced Magazine Publishers Inc., incorrectly named herein as Conde Nast Publications, Inc., is a New York corporation doing business in the City of New York.

6.    Admit the allegations contained in paragraph "6".

7.    Deny the allegations contained in paragraph "7", except admit that Weider Publications LLC, incorrectly named herein as Weider Publications, Inc., is a Delaware limited liability company doing business in the City and State of New York.

8.    Deny the allegations contained in paragraph "8".

9.    Admit the allegations contained in paragraph "9".

10.   Deny the allegations contained in paragraph "10", except admit that Plaintiff purports to base venue in this District based upon the allegations contained therein.

2

11. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11", except admit, upon information and belief, that Plaintiff is a former professional baseball player.

12. Deny the allegations contained in paragraph "12", except admit that some of TBS, Inc's. subsidiaries produce entertainment products which are telecast throughout the United States on various networks, one of which is TBS, and that these subsidiaries, including TBS Network, engage in promotional activities in connection with those entertainment products.

13. Deny the allegations contained in paragraph "13", except admit that TBS Network is involved in the promotion of entertainment products that it telecasts and is a subsidiary of TBS, Inc.

14. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14", except admit that Cliff Freeman created promotional materials and commercial advertisements for TBS, Inc. and TBS Network that were published, displayed and/or distributed in the City and State of New York.

15. Deny the allegations contained in paragraph "15", except admit that Conde Nast is engaged in the publication of magazines entitled "Glamour," "Vanity Fair," and "Lucky".

16. Deny the allegations contained in paragraph "16", except admit that Hearst Business Publishing, Inc. is a publisher of certain magazines.

17. Deny the allegations contained in paragraph "17", except admit that Weider Publications LLC is the publisher of a magazine entitled "Shape" which is distributed in various cities and states, including the City and State of New York, and outside the United States.

18. Deny the allegations contained in paragraph "18".

3

19.     Deny the allegations contained in paragraph "19", except admit that Latina Media Ventures, LLC is the publisher of the magazine "Latina".

20.     Deny the allegations contained in paragraph "20", except admit that TBS Network has licensed the right to telecast the television program "Sex and the City" (the "Program") and that the Program has been and continues to be telecast on TBS throughout the United States.

21.     Deny the allegations contained in paragraph "21", except admit that promotional materials, concepts and advertising for the Program were created by Cliff Freeman pursuant to its agreements with TBS, Inc. and TBS Network.

22.     Deny the allegations contained in paragraph "22", except admit that promotional items and related materials for the Program were created by Cliff Freeman, including the promotional item attached as Exhibit "A" to the Second Amended Complaint (the "Promotional Item"), and were distributed in the United States. The Promotional Item speaks for itself and Defendants deny any allegation inconsistent therewith.

23.     Deny the allegations in paragraph "23", except admit that the Promotional Item appeared in magazines including "Glamour," "Lucky," "O," "Cosmopolitan," "Shape," "Essence," and "Latina" that were distributed in the United States.

24.     Deny the allegations contained in paragraph "24", except admit that the Promotional Item was displayed in public locations in the City of New York.

25.     Deny the allegations contained in paragraph "25", and respectfully direct the Court to the Promotional Item. The Promotional Item speaks for itself and Defendants deny any allegation inconsistent therewith.

26.     Deny the allegations contained in paragraph "26", except deny having knowledge or information sufficient to form a belief as to whether Plaintiff consented or otherwise agreed to the use of the name Yogi Berra in the Promotional Item.

27.     In response to paragraph "27", repeats and realleges its responses to the allegations repeated and realleged therein with the same force and effect as if fully set forth herein.

28.     Deny the allegations contained in paragraph "28", except admit that the Promotional Item appeared in magazines that were distributed in the United States.

29.     Deny the allegations contained in paragraph "29", except admit that the Promotional Item was displayed in public locations in the City of New York.

30.     Deny the allegations contained in paragraph "30".

31.     In response to paragraph "31", respectfully directs this Court to Section 50 of the Civil Rights Law of the State of New York for the terms, interpretation and legal effect thereof.

32.     In response to paragraph "32", respectfully directs this Court to Section 51 of the Civil Rights Law of the State of New York for the terms, interpretation and legal effect thereof.

33.     Deny the allegations contained in paragraph "33", except admit that the Promotional Item appeared in magazines that were distributed in the United States and was displayed in public locations in the City of New York.

34.     Deny the allegations contained in paragraph "34". The Promotional Item speaks for itself and Defendants deny any allegation inconsistent therewith.

35.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35", except admit that Cliff Freeman was compensated for creating the Promotional Item and related services.

36.    Deny the allegations contained in paragraph "36".

37.    Deny the allegations contained in paragraph "37", except deny having knowledge or information sufficient to form a belief as to whether Plaintiff consented or otherwise agreed to the use of the name Yogi Berra in the Promotional Item.

38.    Deny the allegations contained in paragraph "38".

39.    In response to paragraph "39", repeats and realleges its responses to the allegations repeated and realleged therein with the same force and effect as if fully set forth herein.

40.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40", except admit, upon information and belief, that Plaintiff is a former professional baseball player.

41.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41".

42.    Deny the allegations contained in paragraph "42".

43.    Deny the allegations contained in paragraph "43", except deny having knowledge or information sufficient to form a belief as to Plaintiff's marital status, religious beliefs, or reputation.

44.    Deny the allegations contained in paragraph "44".

45.    Deny the allegations contained in paragraph "45".

46.    Deny the allegations contained in paragraph "46".

## FIRST DEFENSE
(Failure to State a Claim)

1.      The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
(First Amendment to the United States Constitution)

2.      The Second Amended Complaint, and each claim therein, is barred by the First Amendment to the United States Constitution.

## THIRD DEFENSE
(Free Speech Guarantees of the New York State Constitution)

3.      The Second Amended Complaint, and each claim therein, is barred by Article I, Section 8 of the New York Constitution.

## FOURTH DEFENSE
(Common Law Claims Not Recognized)

4.      New York law does not recognize common law claims for the right of publicity, the right of privacy or false light publicity and, accordingly, the Second Amended Complaint's second claim cannot be maintained.

## FIFTH DEFENSE
(No Commercial Misappropriation)

5.      Defendants did not engage in any commercial misappropriation of Plaintiff's name.

## SIXTH DEFENSE
(Protected Use)

6.      Any use of Plaintiff's name was protected by the incidental use, newsworthiness and/or public interest exceptions to Sections 50 and 51 of the Civil Rights Law of the State of New York.

### SEVENTH DEFENSE
(Plaintiff's Legal Name was not Used)

7.      Plaintiff's legal name does not appear in the Promotional Item and, accordingly, a claim under Sections 50 and 51 of the Civil Rights Law of the State of New York cannot be maintained.

### EIGHTH DEFENSE
(Estoppel)

8.      Plaintiff is barred and estopped from asserting any and all claims, issues and/or causes of action in the Second Amended Complaint based upon the statements, actions, representations and/or conduct of Plaintiff.

### NINTH DEFENSE
(Waiver)

9.      The Second Amended Complaint, and each claim therein, is barred by the equitable doctrine of waiver.

### TENTH DEFENSE
(Laches)

10.     The Second Amended Complaint, and each claim therein, is barred by the doctrine of laches.

### ELEVENTH DEFENSE
(Any Alleged Damages Caused By Others)

11.     Any alleged injuries or damages that Plaintiff claims in the Second Amended Complaint were fully or partially caused by the acts or omissions of Plaintiff and/or third parties.

### TWELFTH DEFENSE
(Comparative Fault)

12.     Any alleged injuries or damages alleged in the Second Amended Complaint were caused, in whole or in part, by the acts, omissions, negligence or wrongdoing of Plaintiff and/or other persons or entities for which Defendants are not responsible or liable and did not result from any acts, omissions, negligence or wrongdoing on the part of Defendants.  Plaintiff is

therefore barred entirely from recovery against Defendants, or, alternatively, any recovery should be proportionately reduced.

## THIRTEENTH DEFENSE
(Failure to Mitigate)

13.     If Plaintiff suffered any alleged damages, which damages Defendants deny, Plaintiff failed to mitigate such damages.

## FOURTEENTH DEFENSE
(Adequate Remedy at Law)

14.     Plaintiff is not entitled to equitable relief because the remedy at law was and is adequate.

## FIFTEENTH DEFENSE
(Punitive Damages Improper)

15.     Plaintiff has not alleged a claim for which punitive damages may be awarded and has not alleged facts sufficient to warrant an award of punitive damages.

## SIXTEENTH DEFENSE
(Punitive Damages Unconstitutional)

16.     The imposition of punitive damages in this case would violate the United States Constitution, including but not limited to the Due Process Clauses of the Fifth and Fourteenth Amendments.

## SEVENTEENTH DEFENSE
(Justification and Privilege)

17.     At all times relevant to the matters alleged in the Second Amended Complaint, Defendants conduct was undertaken in good faith, in the absence of malicious intent to injure Plaintiff, and constituted a lawful, proper and justified means to engage in and continue Defendants' business.  Plaintiff is therefore barred from recovery on any of the purported claims in the Second Amended Complaint.

## EIGHTEENTH DEFENSE
(Good Faith)

18.     At all time relevant to the matters alleged in the Second Amended Complaint,

Defendants acted in good faith, reasonably, and without any actual or constructive knowledge of

any alleged breach of any legal duty allegedly owed to Plaintiff, or any other alleged wrong done

to Plaintiff.  Defendants therefore have no liability to Plaintiff.

## NINETEENTH DEFENSE
(Absence of Actual Malice)

19.     Plaintiff, a public figure, is barred from seeking recovery because Defendants did

not act with actual malice.

WHEREFORE, Defendants Turner Broadcasting System, Inc., Superstation, Inc, Conde Nast Publications, Inc., Hearst Business Publishing, Inc., Weider Publications, Inc., Essence Communications Partners, and Latina Media Ventures LLC demand judgment as follows:

(A)     That Plaintiff take nothing by reason of his Second Amended Complaint;

(B)     That the Second Amended Complaint be dismissed in its entirety with prejudice;

(C)     That Defendants recover from Plaintiff the costs and disbursements incurred herein; and

(D)     That Defendants recover such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 20, 2005

LOEB & LOEB LLP

By: _____
Barry I. Slotnick (BS-9796)
Christian D. Carbone (CC-6502)
345 Park Avenue
New York, New York 10154-0037
212-407-4000

Attorneys for Defendants Turner
Broadcasting System, Inc., Superstation,
Inc., Conde Nast Publications, Inc., Hearst
Business Publishing, Inc., Weider
Publications, Inc., Essence
Communications Partners, and Latina
Media Ventures LLC

NY411182v.3

11